# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY CURTIS, | § | |
| | § | Civil Action No. 4:20-cv-1151 |
| Plaintiff, | § | |
| | § | JURY |
| vs. | § | |
| | § | **COMPLAINT FOR VIOLATIONS OF** |
| TITLEMAX OF TEXAS, INC. dba | § | **THE FAIR DEBT COLLECTION** |
| TITLEMAX, a Delaware corporation; | § | **PRACTICES ACT** |
| INTOWN TOWING & RECOVERY, LLC, a | § | |
| Texas limited liability company, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Plaintiff Kimberly Curtis complains against defendants TitleMax of Texas, Inc. dba TitleMax and Intown Towing & Recovery, LLC as follows:

### PARTIES

1.      Plaintiff is a natural person residing in Fort Bend County, Texas.

2.      Defendant TitleMax is a Delaware corporation with its principal place of business in Savannah, Georgia. TitleMax is engaged in the business of providing loans to Texas consumers secured by title to their motor vehicles, and/or servicing such loans for itself or other entities. TitleMax does regular and continuous business in Texas.

3.      Defendant Intown Towing & Recovery is a Texas limited liablity company with its principal place of business in Houston, Texas.

4.      At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

-1-

## JURISDICTION AND VENUE

5.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District, and defendant Intown Towing & Recovery is headquartered in this District.

## OPERATIVE FACTS

7.     Plaintiff obtained a loan primarily for personal, household or family purposes from TitleMax, secured by the title to her vehicle, pursuant to a Credit Services Contract and Security Agreement ("Agreement") with TitleMax.

8.     TitleMax hired Intown Towing & Recovery to conduct the nonjudicial ("self-help") repossession of the Vehicle.

9.     Defendants wrongfully repossessed plaintiff's vehicle on or about March 4, 2020, when plaintiff was not in default under the Agreement. Defendants then wrongfully retained plaintiff's vehicle, forcing plaintiff, a special education instructor, to miss work.

10.     Plaintiff has suffered damages as a direct and proximate result of defendants' wrongful repossession and retention of the Vehicle, including lost use of the Vehicle, lost employment and emotional distress, all in amounts which are subject to proof.

## COUNT ONE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ. ("FDCPA") (Against Defendant Intown Towing & Recovery)

11.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

12.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

13.     Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, as alleged herein.

14.     Plaintiff is entitled to actual damages sustained as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

15.     Plaintiff is entitled to statutory damages of $1,000 against defendant, pursuant to 15 U.S.C. § 1692k. Defendant has frequently and persistently failed to comply with the FDCPA, and has violated the FDCPA intentionally. The nature of defendant's violations justifies the maximum statutory damages award available.

16.     Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWO: VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT, TEXAS FIN. CODE §§ 392.001, ET SEQ.**
**(Against All Defendants)**

17.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

18.     Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

19.     Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

20.    Defendants violated Tex. Fin. Code § 392.301(a)(1) by using and/or threatening to use violence or other criminal means to cause harm to a person or property of a person. By wrongfully repossessing and maintaining possession the Vehicle, defendants committed the crime of theft, in violation of Texas Penal Code § 31.03.

21.    Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

22.    Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

## COUNT THREE: VIOLATIONS OF THE TEXAS THEFT LIABILITY ACT
### (Against All Defendants)

23.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

24.    Defendants unlawfully appropriated the property of plaintiff without plaintiff's consent.

25.    Plaintiff sustained damages as a result of the theft, and is entitled to recover those damages from defendants, pursuant to Tex. Civ. Prac. & Remedies Code § 134.003.

26.    Plaintiff is entitled to actual damages, in addition to $1,000 in statutory damages, pursuant to Tex. Civ. Prac. & Remedies Code § 134.005(a)(1).

27.    Plaintiff is entitled to court costs and reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Remedies Code § 134.005(b).

## PRAYER

WHEREFORE, plaintiff prays for relief, and demands judgment as follows:

1.    For actual damages;

2.    For statutory damages;

3.    For pre-judgment interest to the extent permitted by law;

4.      For an award of attorneys' fees, costs and expenses incurred in the investigation,

        filing and prosecution of this action; and

5.      For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Texas Constitutions.

Respectfully submitted,

*/s/ Brandon A. Block*
Brandon A. Block
Texas State Bar No. 24115551
LAW OFFICES OF BRANDON A. BLOCK,
A PROFESSIONAL CORPORATION
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210
310.887.1440
310.496.1420 facsimile
brandon@bblocklaw.com

ATTORNEYS FOR PLAINTIFF
KIMBERLY CURTIS